UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS SPRAGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01555-MTS |
| | ) |
| DOUG BURRIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Demetrius Spraggins, a state pretrial detainee. Doc. [1]. Petitioner also seeks leave to proceed *in forma pauperis*, or without prepayment of filing fees and costs, in this matter. Doc. [4]. Based on the financial information submitted in support, Petitioner's motion for *in forma pauperis* status will be granted and the $5 filing fee will be waived. However, for the reasons explained below, the Court will dismiss this action without further proceedings. As a result, Petitioner's pending Motion to Dismiss his state-court charges, Doc. [2], will be denied as moot.

### BACKGROUND

**I.      Petitioner's Pending State Criminal Matters**

The grounds raised in the § 2241 Petition pertain to Petitioner's state-court charges; therefore, some background on those charges is helpful in understanding Petitioner's claims. At the time of case initiation, Petitioner states that he was being held at the St. Louis County Justice Center as a pretrial detainee on charges pending in case number "23SL-CR01851-01." Doc. [1] at 1-2. Independent review of Plaintiff's criminal case on Missouri Case.net, the State of

Missouri's online docketing system,[1] shows that a Missouri grand jury indicted Petitioner on six (6) charges including domestic assault, armed criminal action, kidnapping, and unlawful use of a weapon, on April 5, 2023. *State v. Spraggins*, No. 23SL-CR01851-01 (21st Jud. Cir. 2023). On the same date, a warrant was issued for Petitioner's arrest. In October 2023, Petitioner was arrested on the charges. The state-court case is still pending, with a settlement conference scheduled for April 15, 2024. Petitioner is represented by an assistant public defender in that case.

In addition, the Court notes that many of the documents in the state case cited by Petitioner also contain the case number "23SL-CR09082," which appears to be another criminal matter pending against Petitioner with charges of stalking, harassment, and domestic assault. *State v. Spraggins*, No. 23SL-CR09082-01 (21st Jud. Cir. 2023). The arrest warrant in that matter issued on October 5, 2023, and it appears that Petitioner was arrested that same day on warrants from both state court matters. His bond was set at $100,000 and a bond review hearing was held on October 13, 2023. At the review hearing, the Court considered the factors set forth in Missouri Supreme Court Rule 33.01 and made no modification to Petitioner's bond. The April 15, 2024, settlement conference is to discuss a settlement on all the charges pending against Petitioner in both of his state-court cases.

**II.    § 2241 Petition for Writ of Habeas Corpus**

In his Petition before this Court, Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 on the grounds that: (1) he was arrested and detained without his *Miranda* rights being read to him, in violation of the Fourth Amendment to the Constitution; (2) he is being held without a

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

warrant; (3) his bond is excessively high which is equates to being "held effectively without bond," in violation of the Eighth Amendment to the Constitution; and (4) he is being held "without effective counsel," in violation of the Sixth Amendment to the Constitution.  Doc. [1] at 6-7.

As for his first ground, Petitioner states that "[t]here are specific boxes to be checked in [his] discovery that pertain to *Miranda* rights and who gave them." *Id.* at 6.  According to Petitioner, none of these "specific boxes" are checked and as such, "[t]here is no record of *Miranda* rights being read." *Id.*  As for his second ground, Petitioner states that "[t]here is no warrant in [his] discovery to give rise to probable cause for an arrest." *Id.*  As for his third ground, Petitioner states that his bond is "$100,000 with no 10% and no surety." *Id*. He argues that this is "excessively high" because the allegations are not supported by evidence or only by "inadmissible hearsay evidence." *Id.*  Finally, as for his fourth ground, Petitioner complains that he has been unable to discuss discovery issues with his attorney because she was out of the office for medical reasons from "11/6/2023 until 12/4/2023." *Id.* at 7.  Petitioner argues that, as a result, he has been "forced to stay illegally detained" during this four-week period, when "if given the chance, counsel could have found insight in discovery that could lead to a sensible bond or expulsion of the charges." *Id.*

Petitioner states that he appealed his "10/03/2023" confinement decision to the 21st Judicial Circuit Court on "11/13/2023," arguing a constitutional due process violation. *Id.* at 2. He does not provide a case number for this "appeal." *Id.*  As best the Court can decipher, Petitioner is referring to his October 13, 2023, bond review hearing where the state court made no modification to his bond.

For relief, Petitioner seeks declaratory judgment and compensatory damages. *Id.* at 7. Petitioner attached many jail and police records to this petition.  *See* Doc. [1-2].  Many of these

records contain underlining and handwritten notes that are difficult or impossible to decipher.  *Id.* at 2-3, 7, 15, 17, & 19.

### III.     Motion to Dismiss State-Court Charges

At the time of case initiation, Petitioner also filed a "Motion to Dismiss Charges, Constitutional Due Process Violations."  Doc. [2].  In this motion, Petitioner argues that the pending state-court charges against him should be dismissed.  *Id.*  In support, Petitioner references state-court discovery documents to argue that the evidence submitted was inadmissible and insufficient.  For example, in relation to the domestic assault charge against him, Petitioner argues that the victim's statements are inadmissible hearsay.  *Id.* at 3-4.  Petitioner also restates the grounds for relief in his § 2241 Petition.  *Id.* at 5-6.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his § 2241 petition; therefore, it will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions in certain instances.  *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979).  "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief."  *Id.* "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of

an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). The state court must have "an opportunity to consider on the merits [a petitioner's] constitutional claim" before the claim is brought in federal court. *Id.* at 490. This exhaustion requirement "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Id.* (citing *Note, Developments in the Law-Federal Habeas Corpus*, 83 Harv. L. Rev. 1038, 1094 (1970)). Furthermore, this requirement guarantees that petitioners reach state appellate courts, which can correct errors of law and most effectively impose uniformity on trial courts. *Id.* at 490-91.

As such, a petitioner must exhaust all available state remedies before bringing a § 2241 habeas action and only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* at 489-91. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

In this case, Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending state-court criminal proceedings. The grounds asserted by Petitioner in his § 2241 Petition can be adequately raised at his state-court trial and in subsequent state appellate proceedings. Furthermore, the grounds raised here by Petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner

does not assert a claim based on double jeopardy or speedy trial. Because Petitioner cannot demonstrate exhaustion of his claims and no special circumstances exist, relief under § 2241 is unavailable to him.

For this reason, the § 2241 Petition is summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis*, Doc. [4], is **GRANTED** and the $5 filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Doc. [1], is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss charges, Doc. [2], is **DENIED as moot**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of April, 2024.

                                          MATTHEW T. SCHELP
                                          UNITED STATES DISTRICT JUDGE